```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In re

HERMAN SEGAL,                              BK CASE NO. 13-45519

          Debtor.
----------------------------------X

----------------------------------X
HERMAN SEGAL,

          Appellant,
                                           MEMORANDUM & ORDER
   -against-                               15-CV-1525 (KAM)

RICHARD E. O'CONNELL, as Chapter 7
Trustee of the Estate of Herman
Segal,

          Appellee.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Bankruptcy petitioner Herman Segal ("Appellant") moves pursuant to 28 U.S.C. § 158(a) to appeal an order by the United States Bankruptcy Court for the Eastern District of New York denying Appellant's motion to dismiss the bankruptcy case. Richard O'Connell, the Chapter 7 trustee of Appellant's estate ("Appellee"), opposes the motion on the ground that this court lacks jurisdiction to entertain the appeal. Appellee also contends that the court should not grant leave to appeal the order. For the

reasons provided below, the appeal is dismissed for lack of jurisdiction.

## BACKGROUND

On September 13, 2013, the underlying Chapter 7 bankruptcy petition was filed on Appellant's behalf by his attorney.[1] (ECF No. 1-3, Order of the Eastern District of New York Bankruptcy Court dated Mar. 6, 2015 ("Bankr. Ct. Order") at 2.) Appellant subsequently claimed that he had neither signed nor approved the petition, and filed a motion to dismiss the bankruptcy proceeding. (*Id.* at 2, 5, 8.) On March 6, 2015, after conducting an evidentiary hearing at which Appellant testified (and called witnesses), the bankruptcy court, in a well-reasoned and thorough opinion, denied Appellant's motion to dismiss. (*Id.* at 1, 8, 16.)

The bankruptcy court determined that Appellant had acted in bad faith by seeking the benefits of bankruptcy protection in order to forestall a foreclosure on a co-operative apartment titled in his name. (*Id.* at 2, 5.) The court noted that Appellant had voluntarily signed an amended bankruptcy petition and selectively participated in the Chapter 7 proceedings when it was to his benefit to do so. (*Id.* at 9, 16.) The court therefore held that

---

[1] The bankruptcy court docket reflects that the petition was filed on September 10, 2013 rather than September 13, 2013 (as the bankruptcy court noted in its March 6, 2015 order). The discrepancy is immaterial to this appeal.

Appellant had ratified the petition with his post-filing conduct and, alternatively, that he was equitably estopped from obtaining dismissal of the petition. (*Id.* at 8-10.) Further, the court found that continuing the bankruptcy case was in the best interests of both Appellant and his creditors. (*Id.* at 10-16.) The court concluded that Appellant "ha[d] operated in bad faith" by "accept[ing] the benefits of bankruptcy" but "eschew[ing] his obligations as a debtor." (*Id.* at 16.)

On March 24, 2015, Appellant, proceeding *pro se*,[2] filed a notice of appeal with this court. (ECF No. 1.) On October 8, 2015, this court received the bankruptcy court's record and set a briefing schedule pursuant to Fed. R. Bankr. P. 8018. (ECF No. 4.) Appellant was directed to serve and file his brief by November 9, 2015. (*Id.; see also* Fed. R. Bankr. P. 8018(a)(1) ("The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.").) On January 8, 2016, after Appellant failed to timely serve or file his brief, this court ordered a telephonic status conference. (Docket Entry Jan. 8, 2016.)

---

[2] Appellant, however, "is a law school graduate and a former attorney." (Bankr. Ct. Order at 11.)

At the telephonic status conference held on January 21, 2016, the parties agreed to brief "the basis for this court's jurisdiction over this bankruptcy appeal involving the denial of a motion to dismiss." (Docket Entry Jan. 22, 2016.) Appellant was ordered to file a brief by February 4, 2016. (*Id.*) On February 4, 2016, Appellant contacted the court and stated that he would contact Appellee to discuss an extension. (Docket Entry Feb. 16, 2016.) On March 3, 2016, Appellee notified the court that Appellant had yet to serve or file a brief. (ECF No. 9.) Appellee accordingly moved to dismiss the appeal for lack of prosecution. (*Id.*) On March 14, 2016, over four months after the deadline had passed for Appellant to file a brief pursuant to Fed. R. Bankr. P. 8018(a)(1), Appellant filed a brief addressed to this court's jurisdiction. (ECF No. 12, Appellant's Memorandum of Law ("Appellant's Mem.").) Appellee withdrew the motion to dismiss the appeal (ECF No. 13) and filed a memorandum of law in opposition to Appellant's brief. (ECF No. 15, Appellee's Opposition ("Appellee's Mem.").)

## DISCUSSION

### I. *Timeliness*

As an initial matter, a bankruptcy appellant's failure to timely file a brief can, in certain circumstances, be grounds for dismissal of the appeal. *See* Fed. R. Bankr. P. 8018(a)(4) ("If

4

an appellant fails to file a brief on time . . . the district court . . . , after notice, may dismiss the appeal on its own motion."). The bankruptcy appeal brief filing deadlines are strictly enforced. In *In re Quebecor World (USA), Inc.*, No. 15-CV-2112, 2015 WL 4877422, at *1-2 (S.D.N.Y. Aug. 14, 2015), for example, a party appealing a bankruptcy court's order missed the 30-day deadline provided in Fed. R. Bankr. P. 8018(a)(1). Thirty-six days after the deadline had passed, the court required the appellant to show cause why the appeal should not be dismissed. *Id.* Over the appellant's attorney's objections that he did not see that the record had been transmitted and that he had emergency surgery for an illness that began near the 30-day deadline, the court dismissed the action. *Id.* at *2-4.

Here, although Appellant's failure to comply with the bankruptcy appeal brief filing deadlines was more egregious than the conduct at issue in *In re Quebecor*, this court will not dismiss Appellant's appeal at this time because the court did not give Appellant notice that his failure to comply with the deadline would be grounds for dismissal. Instead, the court turns to the jurisdictional issue raised by the parties. Because the court concludes that there is no jurisdiction to hear this appeal, the court does not reach the merits.

## II. *Jurisdiction*

District courts have jurisdiction over final and, in certain circumstances, interlocutory orders of bankruptcy courts. *See* 28 U.S.C. § 158 ("§ 158"). Subsection (a) of § 158, which addresses appeals from the bankruptcy courts to the district courts, provides:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1) from final judgments, orders, and decrees;
> >
> > . . . and
> >
> > (3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. . . .

§ 158(a).

The concept of finality is more relaxed in the bankruptcy context than in normal civil litigation. *See In re Penn Traffic Co.*, 466 F.3d 75, 77–78 (2d Cir. 2006); *In re Am. Preferred Prescription, Inc.*, 255 F.3d 87, 92 (2d Cir. 2001) (recognizing the "flexible standard of finality" applicable in bankruptcy setting (internal quotation marks and citation omitted)). Finality requirements are relaxed because "bankruptcy proceedings often continue for long periods of time, and discrete claims within those

6

proceedings are frequently resolved prior to the conclusion of the entire bankruptcy . . . ." *In re Ionosphere Clubs, Inc.*, 139 B.R. 772, 777 (S.D.N.Y. 1992). Still, "even that flexibility is limited by the requirement that there be a final decision on the discrete issue at bar." *LTV Corp. v. Farragher (In re Chateaugay Corp.*, 838 F.2d 59, 61-62 (2d Cir. 1988) (internal quotation marks and citation omitted); *see also In re Pegasus Agency, Inc.*, 101 F.3d 882, 885 (2d Cir. 1996) (recognizing that a bankruptcy order is interlocutory unless it "completely resolves all of the issues pertaining to a discrete claim, including issues as to the proper relief" (internal quotation marks, citation, and alterations omitted)).

First, the court addresses whether the bankruptcy court's denial of Appellant's motion to dismiss was final within the meaning of § 158(a)(1). Second, the court addresses whether, in the alternative, leave to appeal should be granted under § 158(a)(3).

    A.   <u>The Bankruptcy Court's Denial of Appellant's Motion to Dismiss Was Not Final</u>

Appellant first argues that the bankruptcy court's denial of his motion to dismiss was final. (Appellant's Mem. at 2-3.) Appellee contends that the bankruptcy court's order "is

7

interlocutory, and accordingly, not ripe for appeal." (Appellee's Mem. at 8.)

The denial of a motion to dismiss a bankruptcy petition is interlocutory. Neither party cites the Second Circuit decision that definitely resolves the issue. In *In re Comm. of Asbestos-Related Litigants*, 749 F.2d 3, 4 (2d Cir. 1984), a corporation petitioned for reorganization under Chapter 11 of the bankruptcy code. A creditors' committee moved to dismiss the proceeding on the ground that it had not been brought in good faith. *Id.* The bankruptcy court denied the motion, finding after substantial discovery and testimony that the petition had not been brought in bad faith. *Id.* The committee appealed to the district court, which determined that the bankruptcy court's order was not final. *Id.* The committee subsequently sought mandamus relief in the Second Circuit. *Id.* The district court, the Second Circuit recognized, "correctly held . . . that the [c]ommittee could not appeal as of right from the bankruptcy court's *interlocutory factual determination*." *Id.* (emphasis added); *see also In re C.R. Davidson Co., Inc.*, 232 B.R. 549, 553 (B.A.P. 2d Cir. 1999) (holding, in bankruptcy context, that an "order refusing a motion to dismiss is interlocutory").

Further, nearly all circuits to address the issue have agreed that motions to dismiss bankruptcy cases are interlocutory. *See, e.g.*, *In re Donovan*, 532 F.3d 1134, 1137 (11th Cir. 2008) ("Here, the bankruptcy court's order denying [creditor's] motion to dismiss the Chapter 7 case is not a final order. By denying her motion to dismiss, the bankruptcy court permitted the Chapter 7 case to continue. The court did not conclusively resolve the bankruptcy case as a whole, nor did the court resolve any adversary proceeding or claim." (footnote omitted)); *In re Phillips*, 844 F.2d 230, 235-36 (5th Cir. 1988) ("While the law on finality of bankruptcy orders, in the past, often has turned on difficult and fine distinctions, . . . today, especially in the instant case, the applicable law is fairly clear. . . . [A]n order [denying a motion to dismiss] allows the bankruptcy proceedings to continue. It thus is a preliminary step in some phase of the bankruptcy proceeding, and does not directly affect the disposition of the estate's assets. We therefore conclude that the bankruptcy order here was non-final." (internal quotation marks and citations omitted)).[3]

---

[3] Appellant cites *In re Brown*, 916 F.2d 120, 123-24 (3d Cir. 1990), which held that the denial of a motion to dismiss a bankruptcy petition for bad faith is immediately appealable. In *Brown*, however, the Third Circuit explicitly acknowledged that it was creating a split with the Second Circuit as a result of the Second Circuit's decision in *In re Committee of Asbestos-Related Litigants*. *See* 916 F.2d at 122, 124.

9

Accordingly, the bankruptcy court's order denying Appellant's motion to dismiss was not final. The order was therefore not appealable under § 158(a)(1).

B. *Leave to Appeal the Bankruptcy Court's Decision is Not Granted*

Under the bankruptcy rules, a notice of appeal from a nonfinal order may be treated as a motion for leave to appeal under § 158(a)(3). *See* Fed. R. Bankr. P. 8004(d) ("If an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court . . . may . . . treat the notice of appeal as a motion for leave and either grant or deny it."); *In re Cutter*, No. 05-CV-5527, 2006 WL 2482674, at *3 (E.D.N.Y. Aug. 29, 2006) (same, citing former Fed. R. Bankr. P. 8003(c), which is now located at Fed. R. Bankr. P. 8004(d)). The court will therefore construe Appellant's notice of appeal alternatively as a motion for leave to appeal under § 158(a)(3).

"Although section 158 and the Bankruptcy Rules describe the right to appeal from an interlocutory order and the procedure for doing so, neither provides guidelines for determining whether a district court should grant leave to appeal in a particular case." *Cutter*, 2006 WL 2482674, at *4. The parties agree that 28 U.S.C. § 1292(b), which governs interlocutory appeals from district court orders to the courts of appeal, supplies the

standard for determining whether leave to appeal should be granted under § 158(a)(3). *See In re Delphi Corp.*, No. M-47, 2006 WL 1831526, at *1 (S.D.N.Y. July 5, 2006) ("The parties here agree that in determining whether to grant leave to appeal under Section 158(a)(3), courts apply the standard described in 28 U.S.C. § 1292(b) . . . ."); *see also In re Lyondell Chem. Co.*, No. 16-CV-737, 2016 WL 1169521, at *2 (S.D.N.Y. Mar. 22, 2016) (same); 1 Collier on Bankruptcy ¶ 5.08[5], p. 5-51 (16th ed. 2014) (same).

Under 28 U.S.C. § 1292(b), interlocutory appeal is allowable if: (1) the "order involves a controlling question of law"; (2) "there is a substantial ground for difference of opinion" on the legal question presented; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See In re Lehman Bros. Holdings Inc.*, No. 11-MC-330, 2011 WL 9375423, at *3 (S.D.N.Y. Nov. 3, 2011) (quoting 28 U.S.C. § 1292(b)). "[A]ll three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal." *Thaler v. Estate of Arbore (In re Poseidon Pool & Spa Recreational, Inc.)*, 443 B.R. 271, 275 (Bankr. E.D.N.Y. 2010). "In addition, a party seeking leave to appeal a non-final order must demonstrate exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of

postponing appellate review until after the entry of a final judgment." *In re Coudert Bros. LLP Law Firm Adversary Proceedings*, 447 B.R. 706, 711 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).

In factual circumstances similar to the circumstances underlying the instant appeal, a district court in the Southern District of New York refused to grant leave to appeal under § 158(a)(3). *See In re Adorn Glass & Venetian Blind Corp.*, No. 05-CV-1890, 2005 WL 3481325, at *8 (S.D.N.Y. Dec. 16, 2005). In *In re Adorn*, a company's majority shareholder filed a bankruptcy petition on behalf of the company. *Id.* at *1-2. The company's minority shareholder filed a motion to dismiss the bankruptcy case on the ground that the majority shareholder lacked authority to file the bankruptcy petition. *Id.* The bankruptcy court denied the motion. *Id.* at *2. The minority shareholder appealed. *Id.* at *2-3. The district court, treating the notice of appeal as a motion for leave to appeal, denied leave to appeal. *Id.* at *3.

The district court first determined that the

> question on appeal - whether [the company's] petition was filed in "bad faith" - is not a "controlling question of law" over which there is a "substantial ground for difference of opinion." To begin, the question on appeal would depend critically on factual determinations made by the bankruptcy court. Indeed, [the minority shareholder's] bad faith claim is based almost entirely

12

>on the contention that [the majority shareholder] lacked
>the authority to file the bankruptcy petition.

*Id.* at *4. The district court, after analyzing the record, concluded that there was not a "substantial ground for difference of opinion" because the bankruptcy court had correctly found that the majority shareholder had the authority to file the petition. *Id.* at *4-8.

Here, as in *In re Adorn*, Appellant has failed to identify any "controlling question of law." As the bankruptcy court's order denying Appellant's motion to dismiss reflects, the determination of whether Appellant should be permitted to dismiss his own bankruptcy petition is heavily fact-bound. The district court conducted a full evidentiary hearing, heard from witnesses (including Appellant), and made numerous factual findings, including that Appellant had acted in bad faith. *See In re Adorn*, 2005 WL 3481325, at *4 ("[W]hether [the company's] petition was filed in 'bad faith' . . . is not a 'controlling question of law . . . .'"); *see also Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40, 44 (E.D.N.Y. 2016) ("The question of law must be a 'pure' question that does not require resort to the case docket for study."); *In re Delphi*, 2006 WL 1831526, at *1 ("Because . . . there is [not] a controlling question of law at stake here, it is

13

unnecessary to consider the remaining components of a Section 1292(b) inquiry.").

Even if a controlling question of law were present in this action, there would be no "substantial ground for difference of opinion." To determine whether there is a "substantial ground for difference of opinion," a court must examine "the strength of the arguments in opposition to the challenged ruling." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (internal quotation marks and citation omitted). First, Appellant does not challenge any specific factual or legal findings made by the bankruptcy court. Appellant argues instead that the trustee has unduly interfered with Appellant's life. (*See* Appellant's Mem. at 5 ("[T]he trustee and his teams of attorneys . . . have been systematically destroying my life.").) Appellant, however, does not cite to any part of the bankruptcy court's determination regarding his motion to dismiss. Second, and more fundamentally, the bankruptcy court's refusal to permit dismissal of the bankruptcy petition was sound. There was testimony that Appellant had authorized his counsel to file a bankruptcy petition and the court found that Appellant had executed an amended bankruptcy petition. (Bankr. Ct. Order at 4 (citing E.D.N.Y. Bank. Case No. 13-45519, ECF No. 43), 8.) Even if Appellant had not authorized his counsel to place him into

bankruptcy, his subsequent conduct – accepting the benefits of the automatic stay while "eschew[ing] his obligations as a debtor" — either ratified the filing or equitably estopped Appellant from retracting the petition. (*Id.* at 9-16.)

Accordingly, leave to appeal the bankruptcy court's order denying Appellant's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed for lack of jurisdiction. The Clerk of Court is respectfully directed to serve a copy of this order on the *pro se* Appellant, note service on the docket, and close this case.

**SO ORDERED.**

Dated:   August 29, 2016
         Brooklyn, New York

                              _____/s/_____
                              **KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York